IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | Criminal Action Number |
| **DAVID WILLIAMS, III, and** | ) | **6:06-cr-75-Orl-UWC-KRS** |
| **JANET M. BRIDLEY,** | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION ON THE GOVERNMENT'S MOTION FOR CONTINUANCE OF TRIAL

The United States ("the Government") has moved to continue the trial of this cause, presently scheduled to commence on July 24, 2007.  Defendant Bridley does not oppose the motion. Defendant Williams had declined to take a position, and the Court construes his declination as opposition to the motion.

The Court heard evidence and argument on the motion at the July 6, 2007, status conference. Based on the evidence, the Court concludes that the Speedy Trial Act  will not be violated by postponing the trial from July 24th to September 4th.  In the alternative, the Court finds that the ends of justice served by the granting of the requested continuance outweighs the best interests of the public and the Defendants in a speedy trial.

# I. The Relevant Facts

On May 23, 2007, a grand jury of this district returned a 12-count indictment against the Defendants David Williams, III and his mother, Janet M. Bridley. (Doc. 1).[1]

Williams was "arrested"[2] on May 24, 2007.  On that date, he appeared before a magistrate judge, was advised of his rights, waived his right to appointment of counsel, and indicated that he did not wish to proceed with the arraignment.[3] (Doc. 33). The Court appointed stand-by counsel Dan Brodersen for Williams.

 On June 5th, Williams filed a *pro se* motion to dismiss. (Doc. 24).  Two days later, he was arraigned. (Doc. 27.)[4]  The motion to dismiss was denied on June 11th.

---

[1]The Indictment alleges, among other things, that the Defendants used the United States mail to file false claims and bogus liens against United States District Judge John Antoon II, Assistant United States Attorney ("AUSA") Matthew Perry, and the United States Attorney for the Middle District of Florida Paul I. Perez - who were involved in the Defendant Williams' earlier conviction and 400-month sentence on drug charges. The Indictment also alleges that the Defendants conspired to injure the judge and prosecutors because of their lawful discharge of the duties of their offices, and that the Defendants did in fact injure them for that reason.

[2]Actually, Williams was already in the custody of the Bureau of Prisons, serving the 400-month sentence imposed on him by Judge John Antoon, II in *United States v. David Williams, III,* Case No. 6:01-cr-58-Orl.

[3]In the Court's view, the oral request was effectively a motion to continue the arraignment. Williams' stand-by counsel filed a formal motion to continue the arraignment on June 6, 2007. (Doc. 25.)

[4]Bridley made her initial appearance before a magistrate judge of this Court on May 24, 2007, when she was arraigned. (Doc. 8.)

Eight days later, Williams filed a *pro se* "Motion to Challenge Federal Subject Matter Jurisdiction." The motion was denied the next day, June 20, 2007. On June 22nd, Chief Judge Patricia C. Fawsett, to whom this case had been initially assigned, recused herself from the case. All of the other judges of the district indicated that they would disqualify themselves if the case were reassigned to them under the district's blind assignment system. The case was accordingly referred to the Chief Judge of the Eleventh Circuit, who then designated the undersigned judge to hear the case. The case was reassigned to this judge on June 26th. (Doc. 39.) A status conference was set for July 6th; and trial was scheduled to commence on July 24.(Docs. 40, 41.)

The Government filed a Motion to Continue Trial on June 28th. (Doc. 42.) According to the motion, three of the Government's essential witnesses will be unavailable during the week of July 23rd.

Based on the evidence, the Court finds that Judge Antoon will be out of the country from July 17th through 31st, and August 18th through 31st. Dr. Mark Pitcavage, one of the Government's expert witnesses, will also be unavailable for testimony during the month of July. Both of these are essential witnesses for the Government. Counsel for Defendant Bridley will be unavailable for trial from August 4th through 24th.

On the other hand, AUSA Perry, another essential Government witness, will be available for trial during the week of July 23rd.[5]

During the month of August, the judges and staff of the Orlando Division of the Middle District of Florida will move into a long-awaited new courthouse.

Bridley has been released on bond; and, as noted earlier, Williams is and will be incarcerated for a considerable period of time. Neither of them will be prejudiced by a continuance of the trial.

The Court is prepared to commence the trial on September 4, 2007.

## II. The Applicable Law

The Speedy Trial Act, 18 U.S.C. § 3161 *et seq.,*("STA") requires that the trial of these Defendants be commenced within seventy (70) days from the filing of the indictment or from the date the Defendant initially appears before a judicial officer, whichever occurs last. *See* 18 U.S.C. § 3161(c)(1).[6]

Certain periods are excludable from the STA's 70-day time frame. These include, without limitation, any delay resulting from the filing and disposition of

---

[5]In making this finding, the Court has carefully considered the Affidavit of AUSA Perry, filed in open court. The Court concludes that he will be available to testify at the scheduled trial on the mornings of July 24, 25, and 26.

[6]In a case involving multiple defendants, the time begins to run when the last co-defendant makes an initial appearance before a judicial officer. *United States v. Vasser,* 916 F.2d 624, 626 (11th Cir.1990).

pretrial motions, and the absence or unavailability of an essential witness.  *See* 18 U.S.C. § 3161(h)(1)(F), (3)(A). The time consumed by the filing and disposition of a motion for continuance is excludable.  *See Henderson v. United States,* 476 U.S. 321, 106 S.Ct. 1871 (1986); *United States v. Monger,* 879 F.2d 218 (6th Cir.1989).

## III. Analysis

Ordinarily, The STA's 70-day period would have begun to run on May 25 and ended on August 3.

However, when he made his initial appearance before the magistrate judge on May 25, Williams  requested a continuance of his arraignment. The motion was granted on the day of his arraignment.

Two days prior to his arraignment, Williams filed a motion to dismiss. The first motion to dismiss was denied on June 11.

Consequently, the 70- day period commenced on June 12  and ran for six (6) days. It  was suspended on June 19, when he filed a pretrial motion challenging federal jurisdiction.

The SPA period was reactivated as of June 21, the day after the motion was denied. It ran for another eight days, until filing of the Government's motion for a continuance.

Because the postponement of the scheduled trial is due to the absence and

unavailability of essential Government witnesses, the STA period will not have run on September 4th, when the trial begins.

In the alternative, the Court finds that to the extent that the STA period is exceeded by less than seven days, the ends of justice served by the granting of the Government's motion to continue the trial from July 24th to September 4th outweigh the best interest of the Defendants and the public in a speedy trial.

For these reasons, the Government's Motion to Continue Trial will be granted by separate order.

_____
                U.W. Clemon
          United States District Judge, sitting
          by designation